UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

ORLANDO GATEWAY PARTNERS, LLC,

          Debtor.

                                    Bankr. Case No. 6:15-bk-3448-MGW

_____

NILHAN FINANCIAL, LLC;
CHITTRANJAN K. THAKKAR;
NCT SYSTEMS, INC.; and NILROY &
ROHAN, LLC,

          Appellants,

v.                                 Case No. 6:16-cv-2114-Orl-37

GOOD GATEWAY, LLC; SEG
GATEWAY, LLC; ORLANDO
GATEWAY PARTNERS, LLC; NIHAN
HOSPITALITY, LLC; and EMERSON C.
NOBLE AS CHAPTER 7 TRUSTEE,

          Appellees.

_____

## ORDER

      This cause is before the Court on its own motion.

      In the instant action, Appellants purport to appeal an Order of the U.S. Bankruptcy

Court for the Middle District of Florida. (*See* Doc. 1.) To this end, Appellants filed a notice

of appeal with this Court on December 9, 2016. (*Id.*) Subsequently, the designated

bankruptcy record was electronically transmitted to this Court, and it became available

on the docket on January 20, 2017. (Doc. 11.) From this date, Appellants had thirty days to file their initial brief, Fed. R. Bankr. P. 8018(a)(1), yet failed to do so. Consequently, the Court issued an Order directing Appellants to show cause why the appeal should not be dismissed for failure to comply with the time limits set forth in the Federal Rules of Bankruptcy Procedure. (Doc. 12 ("**Show Cause Order**").) Appellants did not respond to the Show Cause Order.

The time limits in the Bankruptcy Rules "are designed to encourage swift prosecution of appeals." *Brake v. Tavormina (In re Beverly Mfg. Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985). "If an appellant fails to file a brief on time or within an extended time authorized by the district court . . . , an appellee may move to dismiss the appeal—or the district court . . . , after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Within the Eleventh Circuit, such dismissal requires a showing of bad faith, negligence, or indifference. *Brake*, 778 F.2d at 667. "Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Id.*

Here, Appellants failed to take all of the necessary steps to prosecute this appeal. Moreover, when afforded the opportunity to show cause for such failure, Appellants did not respond. As previously noted in the Show Cause Order, this is not the first time that Appellants—represented by the same counsel—have failed to timely prosecute an appeal in connection with the underlying bankruptcy action. *See NCT Sys., Inc. v. Good Gateway, LLC (In re Orlando Gateway Partners)*, Case No. 6:16-cv-29-37. Hence the Court finds that

their consistent failure to adhere to the Bankruptcy Rules demonstrates negligence, indifference, and dilatory conduct, thereby warranting dismissal of this appeal. *See Brake*, 778 F.2d at 667; *see also Lawrence v. Educ. Credit Mgmt.*, 522 F. App'x 836 (11th Cir. 2013).

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED**, with each party to bear its own costs and fees. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 7, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record